**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SEACOR MARINE LLC,   and** | § | **CIV. ACTION NO. 2:15-cv-1199** |
| **SEACOR OFFSHORE LLC** | § | |
| | § | |
| **v.** | § | |
| | § | **Pursuant to Rule 9(h) of** |
| **U.S. RECOVERY SYSTEMS, INC. and** | § | **the Federal Rules of** |
| **QUALITY ENERGY SERVICES, INC.** | § | **Civil Procedure – ADMIRALTY** |

**SEACOR MARINE LLC'S AND SEACOR OFFSHORE LLC'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW, Seacor Marine LLC and Seacor Offshore, LLC (collectively "Seacor"), Plaintiffs, complaining of U.S. Recovery Systems, Inc. and Quality Energy Services, Inc., Defendants, and for their Complaint for Declaratory Judgment respectfully aver as follows:

**I.     THE PARTIES**

1.     Plaintiff, Seacor Marine LLC, is a company organized under the laws of the State of Delaware and maintains its principal place of business in Houma, Louisiana.

2.     Plaintiff, Seacor Offshore LLC, is a company organized under the laws of the State of Delaware and maintains its principal place of business in Houma, Louisiana.

3.     Defendant, U.S. Recovery Systems, Inc. ("USRS"), is a corporation organized under the laws of the State of Louisiana, and has its principal place of business within this District.  USRS may be served with civil process through its registered agent for service of process Thomas M. Hebert at 5342 Highway 311, Houma, Louisiana 70360.

4.     Defendant, Quality Energy Services, Inc. ("QES"), is a corporation organized under the laws of the State of Louisiana, and has its principal place of business within this

District.  QES may be served with civil process through its registered agent for service of process

Thomas M. Hebert at 1420 Savanne Road, Houma, Louisiana 70360.

## II.       JURISDICTION AND VENUE

5.       Plaintiffs bring this claim for a declaratory judgment pursuant to both FED. R.

CIV. P. 57 and 28 U.S.C. §§ 2201, 2202.  Jurisdiction over this case is proper in this Court

pursuant to 28 U.S.C. § 1333 because the interpretation of a maritime contract is the basis for

this civil action.

6.       Venue is proper in this matter pursuant to 28 U.S.C. § 1391(b), in that Defendant

USRS and Defendant QES are residents of the Eastern District of Louisiana.

## III.       FACTUAL BACKGROUND

7.       Terry Ross ("Ross"), an employee of Defendant USRS, alleged he was injured in

the course and scope of his employment on July 26, 2013, while participating in the cleaning of a

tank aboard the M/V *Gerard Jordan*, an anchor handling towing supply vessel owned and

operated by Seacor.  Mr. Ross filed suit against Seacor in the United States District Court for the

Southern District of Texas, Galveston Division, in the lawsuit styled *Terry Ross v. Seacor*

*Marine, LLC, et a*l, Civil Action No. 3:14-cv-00133."  A copy of his Original Complaint is

attached as Exhibit A hereto.

8.       At the time of Ross' alleged injury, Seacor Marine LLC had in place a Vessel

Boarding and Utilization Agreement Reciprocal Hold Harmless with Defendant USRS (the

"USRS VBA"), dated March 3, 2011.  A copy of the USRS VBA is attached as Exhibit B hereto.

9.       At the time of Ross' alleged injury, Seacor Marine LLC and Seacor Liftboats

LLC had in place a Vessel Boarding and Utilization Agreement Reciprocal Hold Harmless with

Defendant QES (the "QES VBA"), dated June 1, 2012.  A copy of the QES VBA is attached as

Exhibit C hereto.

10.     Pursuant to the terms of Section II(B) of the QES VBA, Defendant QES agreed

to:

> "INDEMNIFY OWNER GROUP AGAINST ANY AND ALL CLAIMS
> FOR ILLNESS, INJURY AND/OR DEATH, PROPERTY DAMAGE,
> LOSS OF EQUIPMENT, OR OTHERWISE THAT MAY BE
> ASSERTED BY CONTRACTOR GROUP, OR ANY OF
> CONTRACTOR GROUP EMPLOYEES, RESULTING FROM,
> ARISING OUT OF, OR IN ANY WAY CONNECTED WITH OR
> INCIDENT TO, DIRECTLY OR INDIRECTLY, THE SERVICES; AND
> WHETHER OR NOT ANY CLAIM SHALL ARISE, IN WHOLE OR IN
> PART, OR BE CAUSED BY THE SOLE, JOINT OR CONCURRENT
> NEGLIGENCE OR OTHER FAULT OF ANY PARTY, INCLUDING
> OWNER GROUP, OR BY ANY LEGAL THEORY, INCLUDING BUT
> NOT LIMITED TO STRICT LIABILITY, ASSIGNED TO OWNER
> GROUP OR BY THE UNSEAWORTHINESS OF ANY VESSEL."

11.     Further, pursuant to Section II(B) of the QES VBA, Defendant QES agreed that:

> "CONTRACTOR'S OBLIGATION TO INDEMNIFY OWNER GROUP
> SHALL EXTEND TO ANY REASONABLE ATTORNEY FEES AND
> LEGAL EXPENSES RELATING TO THE CLAIM, AND INCLUDES
> ANY REASONABLE ATTORNEY FEES OR LEGAL EXPENSES
> RELATED TO SUCCESSFULLY ENFORCING THE PROVISIONS OF
> THE AGREEMENT."

12.     Pursuant to Section I(g) of the USRS VBA:

> "'Owner Group' means SEACOR Marine LLC all of its parents,
> subsidiaries, affiliates, and their respective customer, invitees, contractors
> and/or subcontractors, at any tier (except for Contractor Group), the
> owners, operators and charterers of the Vessels and all of their directors,
> officers, insurers, underwriters and the Vessels."

13.     Pursuant to Section I(g) of the QES VBA:

> "'Owner Group' means SEACOR Marine LLC and/or SEACOR
> Liftboats LLC, all of its parents, subsidiaries, affiliates, and their
> respective customers, invitees, contractors and/or subcontractors at any
> tier (except for Contractor Group), the owners, operators and charterers

of the Vessels and all of their directors, officers, insurers, underwriters
and the Vessels."

14. Pursuant to Section I(c) of the USRS VBA:

"'Contractor Group" means U.S. Recovery Systems, all of its parents,
subsidiaries, affiliates, and their respective customer (sic), invitees,
contractors and/or subcontractors, at any tier, and all of their directors,
officers, insurers, and underwriters."

15. Pursuant to Section I(c) of the QES VBA:

"'Contractor Group' means Quality Energy Services, Inc., all of its parent
(sic), subsidiaries, affiliates, and their respective customers, invitees,
contractors and/or subcontractors, at any tier, and all of their directors,
officers, insurers, and underwriters."

16. The definitions in Section I(h) of the USRS VBA and Section I(h) of the QES
VBA are identical, and state:

"'Services' means services contemplated or occurring under the
Agreement, or connected with the ownership, maintenance, management,
operation, transportation of passengers or cargo, loading or unloading of
passengers or cargo, or the navigation of the Vessels under the
Agreement."

17. Pursuant to the unnumbered introductory paragraph of both the USRS VBA and
the QES VBA, "Vessels" means "vessels owned, chartered and/or operated by Owner, its
subsidiaries and affiliates."

18. Pursuant to Section III(B) of both the USRS VBA and the QES VBA, Defendants
USRS and QES were obligated to carry various insurance policies naming Seacor as an
additional assured.  The required policies that were to be maintained by Defendants USRS and
QES, and which were required to name Seacor as an additional assured, included but are not
limited to employers' liability, comprehensive general liability, and excess liability to each of the
preceding.

13.     Defendants USRS and QES were required to execute the USRS VBA and the QES VBA in order to gain access for their employees to Seacor's Vessels.  The USRS VBA and the QES VBA contemplated and anticipated the potential injury to an employee of Defendant USRS and/or Defendant QES on Seacor's Vessels, and the filing of a personal injury lawsuit as a consequence of such an injury. The lawsuit filed by Ross against Seacor is precisely the type of claim for which the Defendants contractually agreed to defend and indemnify Seacor, and provide insurance coverage for Seacor.  Ross was an employee of "Contractor Group" as contemplated by the USRS VBA.  As an employee of USRS, he also fits within the express definition of "Contractor Group" as contemplated by the QES VBA.  Ross' injury during the cleaning of a tank on the *Gerard Jordan* constituted services contemplated or occurring under the USRS VBA and QES VBA, or connected with the ownership, maintenance, management, or operation of a vessel owned, chartered and/or operated by Seacor, its subsidiaries and affiliates.

19.     On July 30, 2014, Seacor made demands on Defendants USRS and QES for defense and indemnity.  Seacor also requested that Defendants USRS and QES provide copies of the implicated insurance policies, and notify their insurers that Seacor is requesting coverage under any applicable insurance policy maintained by Defendants USRS and QES, as an additional insured.

20.     Despite amicable demand, Defendants USRS and QES refused to accept Seacor's tender and have denied Seacor's demands for defense and indemnity and/or additional assured status.  They have also failed to provide copies of the applicable insurance policies.  The insurer of USRS has denied coverage; the insurer of QES has never responded to the demand for coverage.

## IV.    CAUSES OF ACTION

21.     By failing to provide Seacor defense and indemnity, pursuant to Section II(B) of the QES VBA, Defendant QES has breached the express terms of the QES VBA, and has failed to provide insurance coverage for Seacor.

22.     Defendants USRS and QES and/or their insurers have also failed to honor their obligation under the additional assured provisions of Section III(B) of the USRS VBA and QES VBA.  Defendants USRS and QES have therefore breached their obligations pursuant to the express terms of the USRS VBA and QES VBA.

23.     As a separate and independent claim, in the event that Defendants USRS and QES failed to procure insurance coverage as required by the express terms of the USRS VBA and QES VBA, and/or failed to notify the proper carriers that Seacor is covered under an applicable policy, Defendants USRS and QES breached their contractual duty to procure insurance and are liable to Seacor for breach of contract for which they would be liable to Seacor for damages in an amount sufficient to cover the defense and indemnity of Seacor for the claims advanced by Ross, thereby making themselves the insurers of Seacor.

24.     As a result of Defendant USRS's and Defendant QES' willful and knowing conduct, Defendants USRS and QES have breached the terms of the USRS VBA and QES VBA.

25.     At the time of contracting, Seacor relied on the representations of the Defendants USRS and QES that they would defend and indemnify Seacor and that Seacor would be named as an additional assured on insurance policies maintained by Defendants USRS and QES.

26.     Defendant QES has knowingly and willfully made false representations to Seacor and has willfully and knowingly ignored its obligation to assume Seacor's defense and indemnity pursuant to the QES VBA. Defendants USRS and QES have knowingly and willfully made false

representations to Seacor and have willfully and knowingly ignored their obligations to procure insurance coverage for Seacor pursuant to the USRS VBA and QES VBA.

27.     Based on Defendant USRS' and Defendant QES' false and fraudulent misrepresentations, Seacor entered into the USRS VBA and QES VBA.

28.     Seacor was forced to defend the underlying personal injury suit filed by Ross, and to incur additional and unnecessary expenses to file suit against Defendants USRS and QES to enforce the terms and conditions of the USRS VBA and QES VBA.

29.     By knowingly and willfully refusing to honor the QES VBA, Defendant QES is attempting to avoid its clear obligation to defend and indemnify Seacor.  By knowingly and willfully refusing to provide insurance coverage for Seacor, Defendants USRS and QES are attempting to avoid their clear obligations to Seacor.  Defendants USRS and QES knew their representations were false, and made them with reckless disregard for the truth.

30.     Seacor has incurred and continues to incur significant costs due to Defendant USRS' and Defendant QES' false and misleading misrepresentations, which were made in bad faith.

31.     Defendants USRS and QES are therefore liable to Seacor for any and all damages flowing from said breach, including, but not limited to, direct and/or indirect damages.

32.     Seacor has settled the claims made the basis of the lawsuit styled *Terry Ross v. Seacor Marine, LLC, et al*, Civil Action No. 3:14-cv-00133, in the United States District Court for the Southern District of Texas, Galveston Division.  Prior to consummating the settlement, Seacor once again tendered the settlement and its defense to USRS and QES.  USRS and QES neither challenged the reasonableness of the settlement amount, nor accepted the defense and indemnity of Seacor.  Seacor is entitled to recover over and against Defendants USRS and QES

and/or their insurers, by way of indemnity, contribution or otherwise, any and all sums paid by Seacor to Ross, plus interest, costs and attorneys' fees.

33.     Prior to the filing of this lawsuit, all conditions precedent under the contracts were satisfied.

34.      Defendants USRS and QES are thus liable to Seacor for any and all reasonable expenses incurred in the defense of this matter, including, but not limited to attorneys' fees, expert witness fees, costs of court, litigation expenses, judicial interest and/or other expenses or costs.

35.     Seacor is entitled to defense and indemnity coverage under any applicable policies maintained by Defendants USRS and QES, in effect at the time of the incident.

36.     Seacor is entitled to reasonable attorneys' fees and costs expended in the prosecution of this declaratory judgment action as agreed to in the respective VBA's.

## V.     **PRAYER**

Plaintiffs respectfully pray that Defendants USRS and QES be cited to appear and answer herein, and that upon final hearing, Plaintiffs have judgment to include:

1.     A declaration that Seacor entered into a valid and binding Vessel Boarding and Utilization Agreement Reciprocal Hold Harmless with Defendant USRS, dated March 3, 2011;

2.     A declaration that Seacor entered into a valid and binding Vessel Boarding and Utilization Agreement Reciprocal Hold Harmless with Defendant QES, dated June 1, 2012;

3.     A declaration that Defendants QES must indemnify Seacor from any injury claims resulting from, arising out of, or in any way connected with or incident to, directly or indirectly, services contemplated or occurring under the QES VBA, or connected with the ownership, maintenance, management, operation, transportation of passengers or cargo, loading or unloading of passengers or cargo, or the navigation of the Vessels under the QES VBA, which would include the work being performed by Terry Ross at the time of the alleged accident,

regardless of whether the alleged injuries were caused by the negligence of Seacor or by the unseaworthiness of any vessel owned, operated or controlled by Seacor;

4.      A declaration that Seacor is an additional assured on any and all applicable insurance policies carried by Defendant USRS and QES at the time of the alleged accident made basis of the underlying lawsuit;

5.      A declaration that coverage is provided to Seacor under any and all applicable insurance policies carried by Defendants USRS and QES at the time of the alleged accident made basis of the underlying lawsuit;

6.      A declaration that Defendant QES had a duty to defend Seacor, and must indemnify and hold Seacor harmless for the claims asserted by Terry Ross, in the lawsuit styled *Terry Ross v. Seacor Marine, LLC, et al*, Civil Action No. 3:14-cv-00133, in the United States District Court for the Southern District of Texas, Galveston Division;

7.      A declaration that Defendants USRS and QES had a duty to carry insurance policies naming Seacor as an additional assured;

8.      A finding that Defendants QES breached the QES VBA by failing and refusing to defend and indemnify Seacor against Ross' claims;

9.      A finding that Defendants USRS and QES breached the USRS VBA and QES VBA by failing to carry insurance policies naming Seacor as an additional assured that would cover the claims made by Ross;

10.     A finding that Defendants USRS and QES are liable to Seacor for fraud, and/or for other acts of bad faith;

11.     A finding that Defendants USRS and QES are liable to Seacor for reasonable and necessary attorneys' fees and costs of court expended in prosecuting this matter, as well as incurred in defending the underlying case;

12.     Judgment against Defendants USRS and QES in favor of Seacor for the actual damages sustained by Seacor;

13.     Pre-judgment and post-judgment interest as allowed by law; and

14.     Such other and further relief, at law or in equity, both general and special, to which Plaintiffs may show themselves to be justly entitled.

**WHEREFORE**, Plaintiffs, Seacor Marine LLC and Seacor Offshore LLC, pray that

Defendants USRS and QES be cited to appear and answer herein, and that Plaintiffs have

judgment over, and indemnity against, Defendants USRS and QES, and that Defendants USRS and QES be liable for any and all reasonable costs incurred by Plaintiffs in the defense of the claims advanced by Terry Ross in the lawsuit styled *Terry Ross v. Seacor Marine, LLC, et al*, Civil Action No. 3:14-cv-00133, in the United States District Court for the Southern District of Texas, Galveston Division, and that coverage be found in favor of Plaintiffs under any and all applicable insurance policies maintained by Defendants USRS and QES.

Dated:  April 15, 2015                              Respectfully submitted,

LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, L.L.P.

/s/ *Michael J. Wray*_____
Louisiana State Bar No. 28280
Fed. ID No. 381651
5151    Felipe, Suite 400
Houston, Texas 77056
Telephone:    (713) 917-0888
Telefax:        (713) 953-9470
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS
SEACOR MARINE LLC AND SEACOR OFFSHORE
LLC**

**OF COUNSEL:**
James T. Brown
Fed. ID No. 11656; TBA 03138150
Marc Evan Kutner
Fed. ID No. 6238; TBA 11770575
**LEGGE, FARROW, KIMMIT, MCGRATH & BROWN L.L.P.**